## CIRCUIT COURT OF FAUQUIER COUNTY

Brookside
Development, L.L.C., et al.

v.

Fauquier Water and
Sanitation Authority

April 19, 2005

Case No. (Chancery) CH05-35

BY JUDGE THOMAS D. HORNE

This case is before the Court on the Motion of Complainants' to Disqualify Counsel for the Fauquier Water and Sanitation Authority. Based upon the evidence and arguments of counsel, the Court finds that the firm of Hunton & Williams is not disqualified from representing the Defendant, Fauquier Water and Sanitation Authority ["the Authority"] in this case.

The Virginia Rules of Professional Conduct provide that:

[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

Rule 1.9(a) of the Virginia Rules of Professional Conduct. "Substantially related" is interpreted as "identical" or "essentially the same." *Rogers v. The Pittston Co.*, 800 F. Supp. 350, 354 (W.D. Va. 1992) (quoting *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 730 (E.D. Va. 1990)). In their papers filed in response to the opposition to disqualify, the Complainants suggest that:

[a]t the forthcoming hearing on this Motion to Disqualify, Complainants will introduce specific evidence and testimony supporting its contention that Hunton & Williams' representation of Miller and the Miller Corp. involved matters that are unquestionably related to Hunton & Williams current representation of WSA in the instant litigation, that the issues in both representations are tied, and that the confidences revealed by Miller to Hunton & Williams during the former representation could be used to the prejudice of Miller and the Miller Corp. in the instant litigation.

The evidence presented on the motion does not support the contention of the Complainants. To the contrary, a review of the record does not suggest that there is a "reasonable probability that confidences were disclosed in the prior representation which could be used against the former client in the current litigation." *In re Stokes*, 156 B.R. 181, 187 (Bankr. E.D. Va. 1993).

Edward L. Miller and the Miller Corporation have substantial interests in Brookside Development, L.L.C. While his interests may be adverse to those of the Authority, anxiety or subjective judgment of a former client are not the basis for which this Court can grant disqualification. Whether prior representation forfeits a client's right to representation by the attorney of their own choosing rests on an objective assessment of the nature of the prior representation and whether that representation and the confidences shared during the course of the attorney-client relationship were the same or substantially related to those in the instant case. While in a close case a court may favor disqualification:

[d]isqualification is a serious matter which cannot be based on imagined scenarios of conflict, and the moving party has a high standard of proof to meet in order to prove that counsel should be disqualified. . . . A motion to disqualify counsel requires the court to balance several important factors: the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system.

*Id.* at 185 (authorities omitted).

The firm of Hunton & Williams has represented the Authority for twenty years. During the period of their representation of the Authority, the firm was consulted on three occasions by Edward L. Miller or the Miller Corporation concerning specific matters. These included a February 1997 dispute with Fauquier Lakes, Limited Partnership, one of the Complainants in this case. Mr. Miller's contact with the firm was over five years before the Sewer Agreement that forms the basis of the instant claim was negotiated. There is nothing about this representation, which consisted of two telephone conversations, that would suggest that this Court should disqualify Hunton & Williams.

Mr. Miller was also represented by the firm of Hunton & Williams in a patent dispute in 1998. The instant complaint arises out of an agreement between Brookside Development and the Authority. Despite the allegation that confidences were shared during the course of the representation of Mr. Miller that would make it inappropriate for the firm to represent the Authority, the evidence does not support such a claim.

Lastly, it is suggested that the review of a draft operating agreement for a yet to be formed Brookside Development is a basis for disqualifying Hunton & Williams. Review of the document was conducted on September 2, 1999, at the request of Mr. Miller. Since that review, the firm of Hunton & Williams has performed no legal services for Mr. Miller or any of the Complainants. The document review was limited in scope, had nothing to do with an agreement with the Authority, and provided the firm of Hunton & Williams with no confidential information that had a reasonable probability of being used in this case.

Accordingly, the Motion to Disqualify the firm of Hunton & Williams is denied.